**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| JOSE TEMORES, <br><br> Plaintiff, <br><br> v. <br><br> GAIL and TREZAK, <br><br> Defendants. | CAUSE NO.: 2:17-CV-245 |

**OPINION AND ORDER**

Jose Temores, a prisoner without a lawyer, filed an amended complaint (ECF 34) alleging he was denied medical treatment while he was a pretrial detainee at the Lake County Jail. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, a court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted

under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Temores alleges Medical Assistant Trezak and Nurse Practitioner Gail ignored his pleas for medical assistance and did not treat his chronic diabetes. He believes this caused him to have a stroke which he also alleges they ignored. He alleges he entered the jail on November 19, 2015, and was ultimately treated at Methodist Hospital on March 15, 2016. ECF 34 at 3 and ECF 1 at 4.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Although the Eighth Amendment applies only to convicted persons, pretrial detainees . . . are entitled to the same basic protections under the Fourteenth Amendment's due process clause. Accordingly, [courts] apply the same legal standards to deliberate indifference claims brought under either the Eighth or Fourteenth Amendment." *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). *See also Phillips v. Sheriff of Cook Cty*., 828 F.3d 541, 554 n. 31 (7th Cir. 2016) (clarifying that *Kingsley v. Hendrickson*, 576 U.S. __, __; 135 S.Ct. 2466 (2015) did not change the applicability of the Eighth Amendment standard to pre-trial detainee deliberate indifference claims).

For medical professionals to be held liable for deliberate indifference to a serious medical need, they must make a decision

2

that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Here, the allegations that Trezak and Gail ignored Temore's chronic diabetes and the resulting stroke state a claim for a violation of the Fourteenth Amendment.

Temores also names Correctional Health Indiana, Inc., as a defendant, but he does not mention it in the body of his complaint or otherwise allege that it did anything. Therefore it must be dismissed.

For these reasons, the Court:

(1) **GRANTS** Jose Temores leave to proceed against Medical Assistant Trezak and Nurse Practitioner Gail in their individual capacities for compensatory damages for refusing to treat his chronic diabetes and stroke from November 19, 2015, until March 15, 2016, in violation of the Fourteenth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Correctional Health Indiana, Inc.;

(4) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Medical Assistant Trezak and Nurse Practitioner Gail at the Lake County Jail with a copy of this order and the amended complaint (ECF 34) as required by 28 U.S.C. § 1915(d); and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), Medical Assistant Trezak and Nurse Practitioner Gail to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**DATE: April 4, 2018**          **/s/RUDY LOZANO**
                                 **United States District Court**